### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

**RAYSHAWN J. CHRISTMAS (#433850)**                    **CIVIL ACTION NO.**

**VERSUS**                                             **23-1273-BAJ-EWD**

**JOSEPH R. BIDEN, JR., ET AL.**

### <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 6, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYSHAWN J. CHRISTMAS (#433850)                    CIVIL ACTION NO.

VERSUS                                                           23-1273-BAJ-EWD

JOSEPH R. BIDEN, JR., ET AL.

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

This matter comes before the Court on the Amended Complaint of Rayshawn J. Christmas ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1]  Based on the screening allowed under 28 U.S.C. § 1915(e), and required by 28 U.S.C. § 1915A, it is recommended that Plaintiff's claims remaining in this case, which arise from events in July 2020, be dismissed as legally frivolous and for failure to state a claim, as they are untimely.[2]

**I.    BACKGROUND**

Plaintiff filed this suit on September 2, 2023 against several defendants under 42 U.S.C. § 1983, alleging violations of his constitutional rights.[3]  On or about November 2, 2023,[4] Plaintiff filed an amended complaint, which controls the claims in this case for purposes of this screening. Because the amended complaint contained claims that were not properly joined, the Court severed the improperly joined claims.[5]  The only claims remaining in this case are Plaintiff's claims arising

---

[1] R. Doc. 3.  This is the pleading that controls Plaintiff's claims in this case.

[2] Any other claims were severed from this action as they were not properly joined. *See* R. Doc. 7.

[3] R. Doc. 1, p. 4. Based on the prison mailbox rule, which generally applies to the court filing of documents by Louisiana inmates representing themselves, an inmate's pleadings are considered filed on the date they are presented to prison officials or placed into the prison mailing system for transmission to the court, not on the date that they are ultimately received or docketed by the court.  *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).

[4] R. Doc. 3, p. 25.

[5] R. Doc. 7.

from an attack by another inmate on July 19, 2020.  Plaintiff seeks declaratory, monetary, and injunctive relief.[6]

II.    LAW & ANALYSIS

A.  Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[7]  The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered.  Plaintiff has sued government officials and prison employees, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[8]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[9]  To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[6] R. Doc. 3, p. 20.
[7] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to file suit without prepaying the filing fee ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of whether the plaintiff is IFP.  Plaintiff was granted IFP status on December 15, 2023, so both statutes apply.  R. Doc. 6.
[8] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[12]

Whether a claim is untimely filed can be decided under Federal Rule of Civil Procedure 12(b)(6).[13] A district court may dismiss a complaint as frivolous on its own motion when "it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations."[14]

### B.  Plaintiff's Claims are Untimely

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state.[15]  Civil rights suits brought under § 1983 before July 1, 2024, are subject to the Louisiana limitations period of one year that applies to tort claims.[16]  State law also controls whether events occur that toll (*i.e.*, pause or delay) the limitations period unless the state provisions regarding tolling are inconsistent with federal law.[17]  Though the Louisiana prescriptive period of one year applies to Plaintiff's civil rights

---

[11] *Id.*

[12] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

[13] *Mann v. Adams Realty Co., Inc.*, 556 F.2d. 288, 293, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357.

[14] *Aguilar v. Abbott*, 172 F.3d 868 (5th Cir. 1999), citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994).

[15] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").

[16] Louisiana Civil Code art. 3492; *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for tort claims). Effective July 1, 2024 the prescriptive period for tort claims in Louisiana is extended to two years and Louisiana Civil Code art. 3492 will be repealed. 2024 La. Sess. Law Serv. Act 423 (H.B. 315) (WEST). For Plaintiff's claim, filed in September 2023, the one-year prescriptive period applies.

[17] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).

claims, federal law controls when his claims accrued, *i.e.*, when the limitations period starts.[18]
Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has
suffered an injury or has sufficient information to know that he has been injured" and that there is
a connection between his injury and the defendant's actions.[19] "A plaintiff need not know that she
has a legal cause of action; she need know only the facts that would ultimately support a claim."[20]

Plaintiff brings claims in this case related to an attack by another inmate that he says
happened on July 19, 2020.[21] Plaintiff did not file suit until September 2, 2023, over three years
later. However, because Plaintiff was required to exhaust administrative remedies by filing a
grievance through the administrative remedy process ("ARP") before filing suit, the limitations
period is suspended while an ARP is pending.[22] The limitations period begins to run again when
the final agency decision on the ARP is delivered.[23]

Plaintiff references case number 21-439 to identify the relevant ARP for this claim.[24] He
also notes that the ARP was rejected.[25] Civil Action Number 21-439, referred to by Plaintiff, was
dismissed for his failure to exhaust administrative remedies.[26] Plaintiff also references ARP LSP-
2022-1641, which is attached to the amended complaint, but this ARP does not appear to involve
the July 19, 2020 incident at all.[27] Rather, it involves claims severed from this action.[28] The
relevant ARP was filed on October 16, 2020, and rejected on October 28, 2020, so prescription

---

[18] *Harris*, 198 F.3d at 157.
[19] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[20] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[21] R. Doc. 3, pp. 9-10.
[22] Louisiana Civil Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, at *2 (E.D. La. March 6, 2013).
[23] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered.").
[24] R. Doc. 3, p. 2.
[25] R. Doc. 3, p. 2.
[26] *See Rayshawn J. Christmas v. Unknown Wedd, et al.*, Civil Action No. 21-439 (M.D. La.) R. Docs. 5 & 13.
[27] R. Doc. 3, pp. 38-43.
[28] R. Doc. 7.

was only suspended for twelve days.[29] As much more than one year passed outside of the time the statute of limitations was suspended in this case, Plaintiff's claims are time-barred and subject to dismissal with prejudice.[30]

### C.  Further Leave to Amend Should Be Denied

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[31]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[32]  Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[33] Plaintiff's claims are untimely, so any further amendment relating to the inmate attack in July 2020, and medical treatment that followed, would be pointless. If requested by Plaintiff, further leave to amend should not be granted.

### III.    RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A, as Plaintiff Rayshawn J. Christmas's claims in this case were not timely filed.  **IT IS FURTHER RECOMMENDED** that Plaintiff not be granted any further chances to amend his complaint as amendment would not correct the fact that the claims in this case were not timely filed.

---

[29] *See Christmas v. Wedd*, Civil Action No. 21-439 (M.D. La.), R. Doc. 1-1, pp. 1-6. The Court may take judicial notice of the filings in Plaintiff's other case because they are matters of public record, and the Court may consider this information in evaluating his claims under § 1915. *See Gonzales v. Degollado*, No. 20-30, 2021 WL 5564430, at *5 (S.D. Tex. Nov. 29, 2021) (noting that in conducting a screening under §§ 1915(e) and 1915A, a "court may take judicial notice of filings in other court proceedings, as they are matters of public record.") (citations omitted); *Bucklew v. Bonham*, No. 19-435, 2022 WL 869686, n. 9 (N.D. Tex. Feb. 9, 2022).

[30] Plaintiff also complains of treatment that occurred on July 20, 2020, after the inmate attack. R. Doc. 3, p. 11. Any claims arising from that medical treatment are also untimely for the same reasons.

[31] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[32] *Id.*

[33] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

## <u>ORDER</u>

Considering the recommendation for dismissal, **IT IS ORDERED** that Plaintiff's pending Motion for Appointment of Counsel[34] be **DENIED**, without prejudice to refiling if the case is not dismissed.[35]

Signed in Baton Rouge, Louisiana, on August 6, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] R. Doc. 5.
[35] As the claims in this case were not timely filed, appointment of counsel at this point would not help Plaintiff anyway.